Thomas Bussell Jokes, J.
The defendants, Comacho and Vasquez, have moved for an order to suppress one and one-half pounds of heroin contained in a brown paper bag which was *544 dropped or thrown by Vasquez when they were both confronted late at night by detectives on the patio of a house on Crosby Avenue in Brooklyn. The defendants contend that the contraband narcotics were not1 ‘ abandoned ” by Vasquez and therefore were not subject to seizure or search by the police under the circumstances. The defendants cite the case of People v. Anderson (24 N Y 2d 12) to support their claim that the prosecution in every instance must establish that property has been abandoned by the owner before the police may seize and search it. The rule in Anderson does not apply to the facts disclosed in this case. The motion is denied.
During a two-day hearing the following facts emerged: three detectives in an unmarked police car cruising along Crosby Avenue in Brooklyn at about 11:30 p.m. on the evening of January 14, 1972, observed the defendants alighting from an automobile which, was stopped in front of a private house on the street. Vasquez was carrying .a brown paper bag in one hand. The detectives said that they kept the two men under observation as they drove past; that they proceeded to the next intersection, where they turned their vehicle into the transverse street, then performed a U-turn in that street and returned to the intersection to continue their surveillance. As they maneuvered on Crosby Avenue, the detectives claimed they saw the two defendants walk away from the parked car and climb the front steps of the private house. From the intersection lookout the officers said they could see the defendants standing on a patio at the top of the stair landing. A few moments later the detectives moved their automobile closer to the house, dismounted, and followed the defendants up onto the patio. The defendants were found standing together at the entrance door of the building. One defendant (Comacho) had his hand on the doorknob, while the other (Vasquez) still carried the brown paper bag. One officer challenged both defendants with the words: ‘ ‘ Hold it. I’ín a police officer. What are you doing here? Do you live here?” The defendant Comacho answered, “Yes.” Whereupon the officer demanded that the men produce identification. Immediately the defendants changed their response and said, “We don’t live here. We’ve come to boost a battery.” At that moment the defendant Vasquez, who stood just behind Comacho, was seen to drop or throw the brown paper bag over a low barrier which flanked the street side of the patio on which they stood. The detectives drew guns and held the defendants at bay as they retrieved the paper bag, which was found to contain one and one-half pounds of heroin. *545 The facts in this case clearly point to the ‘ ‘ requisite intention ” of the defendants to abandon or secrete the contraband narcotics (cf. People v. Baldwin, 25 N Y 2d 66, 70). The New York Court of Appeals in People v. Malinsky (15 N Y 2d 86, 91, n. 2) required that the prosecution in a suppression hearing must “ [go] forward in the first instance with evidence to show that probable cause existed # # * in sustaining the legality of a search made, without a warrant, as incident to an arrest.”
The People in this case have shown such probable cause by presenting an uncontradicted description of the defendants ’ furtive conduct; their lying responses when confronted and their surreptitious attempt to dispose of the bag which contained narcotics. The palpably suspicious scene which the alert detectives saw was sufficient to provoke them to act as they were authorized to do by CPL 140.50 (formerly Code Grim. Pro., § 180-a) which provides that: “ a police officer may stop a person in a public place located within the geographical area of such officer’s employment when he reasonably suspects that such person is committing, has committed or is about to commit [a crime], and may demand of him his name, address and an explanation of his conduct.”
Applying the standards suggested by the Court of Appeals in People v. Rosemond (26 N Y 2d 101,105), the court has considered “ (a) the reasonableness of the street inquiry; (b) the acts in consequence of the inquiry, [and] * * * the kind of answer given to the question which justifies further action.”
When they intercepted the defendants on the patio of a house where they did not live, and received an ambivalent response to their questions, the detectives were then facing a scene which could only aropse an ‘ ‘ articulable suspicion ’ ’ that burglars or thieves were at work. The officers had ample reason to stop the suspects whose presence and conduct were unusual, and then they had reason to frisk them when they failed to explain their conduct, for it was not necessary, as the United States Supreme Court said in Terry v. Ohio (392 U. S. 1, 33 [Mr. Justice Harlan, concurring]), that they “ take the risk that the answer might be a bullet.”
The briefs filed with the court in the Anderson case disclose that the only issue involved was the question of the alleged abandonment of property by the defendant and seizure of that property by a police officer. The defendant entered a hallway where a policeman was present, removed a key case from his pocket, and as he did so the officer grabbed for the case which fell to the ground. The policeman picked up the case and opened *546 it to find narcotics. Whether the officer knocked the key case from Anderson’s hands or whether the defendant dropped the ease with the purpose of abandoning it was not established by clear proof. Absent any other suspicious circumstances, the Court of Appeals declared that the prosecution had failed to prove affirmatively that the defendant ‘ ‘ manifested the requisite intention to abandon ” the property. The rule in Anderson is not applicable to this case. The law which applies here is that which was set forth in People v. Berrios (28 N Y 2d 361, 367), that “ where a defendant challenges the admissibility of physical evidence or .makes a motion to suppress, he bears the ultimate burden of proving that the evidence should not be used against him (see, e.g., People v. Baldwin, 25 N Y 2d 66, 70; People v. Whitehurst, 25 N Y 2d 389, 391; People v. Malinsky, 15 N Y 2d 86; see, also, Nardone v. United States, 308 U. S. 338, 341-342).”
The defendants have failed to meet that burden. The motion to suppress the contraband narcotics is therefore denied.